UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **12-10020-CR-MARTINEZ/McALILEY**

16 U.S.C. §§ 3372(a)(2)(A), 3372(a)(4)
16 U.S.C. § 3373(d)(1)(B)
18 U.S.C. § 371
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

AMMON COVINO,
CHRISTOPHER CONK,
and
IDAHO AQUARIUM, INC.,

              Defendants.   /

FILED by _____ D.C.
NOV - 8 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. – MIAMI

## INDICTMENT

The Grand Jury charges that:

### BACKGROUND

At all times material to this Indictment:

1.    The Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service (NMFS) was empowered by federal law to issue the federal annual vessel permit required in order to fish commercially in federal waters for Atlantic sharks and also required to sell sharks harvested in federal waters.

2.    Florida Administrative Code, Section 68B-44.005, "Prohibited Species; Prohibition of Harvest, Landing, and Sale" provides in relevant part:

(1) No person shall harvest, possess, land, purchase, sell, or exchange any or any part of these species:

      *        *        *        *

(l) Lemon shark - *(Negaprion brevirostris).*

      *        *        *        *

(ee) Spotted eagle ray (*Aetobatus narinari*).

3. Florida Administrative Code, Section 68B-44.008, "Commercial Harvest of Sharks: Federal Permit Required" provides in relevant part:

"(1) No person shall harvest sharks in or from the waters of the state for commercial purposes or sell any shark harvested from such waters unless such person is in possession of a valid federal annual vessel permit for sharks issued pursuant to 50 C.F.R. §635.4 or written authorization of such harvest or sale from the Regional Director of the National Marine Fisheries Service pursuant to 50 C.F.R. §635.32.

(2) A harvester required to hold the federal annual vessel permit for sharks pursuant to subsection (1) may only sell to a holder of a valid Atlantic shark dealer permit pursuant to 50 C.F.R. §635.4."

4. The federal Lacey Act, among other things, makes it unlawful for any person to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce, any fish or wildlife, taken, possessed, transported, or sold in violation of any law or regulation of any State. 16 U.S.C. §3372(a)(2)(A).

5. Defendant **AMMON COVINO** was a resident of Ada County, Idaho and the President and Registered Agent of the **IDAHO AQUARIUM, INC.**, engaged in the day-to day management and operation of the corporation.

6. Defendant **CHRISTOPHER CONK** was a resident of Ada County, Idaho and the Secretary of the **IDAHO AQUARIUM, INC.**, engaged in the day-to-day purchase, transportation, and payment for specimens to be displayed in the facility.

7. **IDAHO AQUARIUM, INC. (IAI)** was a corporation organized under the laws of the State of Idaho with its principal place of business at 64 North Cole Road, Boise, ID 83704.

2

**IAI** was engaged in the captive display of marine life, including among other specimens, sharks, rays, turtles, and ornamental tropical fish.

## COUNT 1
### Conspiracy
### (18 U.S.C. § 371)

1. Paragraphs 1 through 7 of the Background section of this Indictment are incorporated herein by reference as if set forth in their entirety.

2. Beginning on an unknown date, but at least as early as on or about March 3, 2012 and continuing through on or about November 7, 2012, at Monroe County, in the Southern District of Florida and elsewhere, the defendants,

**AMMON COVINO,
CHRISTOPHER CONK,
and
IDAHO AQUARIUM, INC.**,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is: transport, sell, receive, acquire, and purchase fish, that is Spotted eagle rays (*Aeobatus nairnari*) and Lemon sharks *(Negaprion brevirostris)*, with a fair market value in excess of $350.00, knowing that said fish were taken, possessed, transported, sold, and intended to be sold in violation of the laws and regulations of the State of Florida, in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3372(a)(4), and 3373(d)(1) and (2).

3

## Purpose of the Conspiracy

3.   The purpose of the conspiracy was for the defendants and their co-conspirators to take, harvest, capture, transport, and sell quantities of Spotted eagle rays and Lemon sharks from Florida state waters, in interstate commerce, for captive display at the **IAI**.

## Manner and Means of the Conspiracy

The manner and means by which the defendants sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.   The defendants, and other known and unknown co-conspirators, negotiated for the purchase of illegally harvested Spotted eagle rays from an individual known to the Grand Jury ("Individual 1"), located in Monroe County, Florida.

5.   The defendants, and other known and unknown co-conspirators, negotiated for the purchase of illegally harvested Lemon sharks from an individual known to the Grand Jury ("Individual 2"), located in Monroe County, Florida.

6.   The defendants and their co-conspirators arranged for the shipment of the illegally harvested marine specimens to Idaho by commercial air cargo.

## Overt Acts

In furtherance of the conspiracy and to effect the object and purpose thereof, there was committed and caused to be committed by at least one of the co-conspirators herein, within the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about March 3, 2012, in a text message to Individual 1 in the Florida Keys, **AMMON COVINO,** in Idaho, sought to arrange the purchase of 2 Spotted Eagle rays for **IAI**, and was quoted a price of $1,250.00 per ray and was advised that a special permit was required that would take a period of time to secure.

2. On or about April 23, 2012, in a text message from **AMMON COVINO** in Idaho, to Individual 1 in the Florida Keys, **COVINO,** after being advised that Individual 1 could not acquire the necessary permit for the Spotted eagle rays, asked Individual 1 to "sneak" the eagle rays to him.

3. On or about April 24, 2012, Individual 1 in the Florida Keys placed a telephone call to **AMMON COVINO** in Idaho, during which the $1,250.00 price per eagle ray was confirmed and in response to Individual 1's statement that he could not get permits, **CORVINO** responded in part, " . . . just start doing it . . . who gives a s***, man?"

4. On or about May 7, 2012, **AMMON COVINO** provided Individual 1 a MasterCard credit card number ending in 5452, which was billed $3,750 in payment for 3 Spotted eagle rays.

5. On or about May 9, 2012, 3 Spotted eagle rays were shipped from Miami International Airport addressed to **"IDAHO AQUARIUM, INC. , ATT: AMMON COVINO"** in Boise, Idaho.

6. On or about May 11, 2012, in a telephone conversation between **AMMON COVINO** in Idaho and Individual 1 in the Florida Keys, **COVINO,** requested additional Spotted eagle rays be acquired for **IAI**.

5

7. On or about June 12, 2012, in a telephone conversation between **CHRISTOPHER CONK** in Idaho, and Individual 2, in the Florida Keys, **CONK** confirmed that he and **AMMON COVINO** wanted to purchase 2 Lemon sharks for **IAI** for $500.00 each, despite being told that there were no permits for the sharks and the transaction would have to be conducted "on the down low."

8. On or about September 1, 2012, in a telephone conversation between **AMMON COVINO** in Idaho and Individual 2 in the Florida Keys, **COVINO** assured Individual 1 that it was "no big deal" that the Lemon sharks being discussed would have no valid permits and advised that all that he needed in Idaho was a health certificate to show local agencies.

9. On or about September 11, 2012, in a telephone conversation between **CHRISTOPHER CONK** in Idaho, and Individual 2 in the Florida Keys, **CONK** advised Individual 2 that he would confer with **AMMON COVINO** to insure they wanted to proceed without permits for the harvesting and sale of Lemon sharks to **IAI**.

10. On or about October 18, 2012, Individual 2, at the request of **CHRISTOPHER CONK** and **AMMON COVINO**, shipped 2 Lemon sharks via Delta Airlines from Monroe County, Florida, to **IAI** in Boise, Idaho.

11. On or about October 18, 2012, **CHRISTOPHER CONK** picked up shipping boxes at the Boise, Idaho airport containing 2 lemon sharks and transported them to **IAI** in a white pick-up truck registered to **CONK**.

12. On or about October 18, 2012, **AMMON COVINO** paid Individual 2 $650.00 each for 2 Lemon sharks received at the **IAI** that same date.

13. On or about October 19, 2012, in a telephone conversation between **AMMON COVINO** in Idaho, and Individual 2 in the Florida Keys, **COVINO** requested that Individual 2 acquire and sell additional Lemon sharks to **COVINO**, to be placed in a new aquarium under construction in Portland, Oregon.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 - 3
### Sale or Purchase
(16 U.S.C. §§ 3372(a)(2)(A), 3372(a)(4), 3373(d)(1)(B))

1. Paragraphs 1 and 2, and 4 through 7 of the Background section of this Indictment are hereby incorporated by reference as if set forth in their entirety.

2. On or about the dates listed below with respect to each Count, in Monroe County, in the Southern District of Florida and elsewhere, the defendants,

**AMMON COVINO,
CHRISTOPHER CONK,
and
IDAHO AQUARIUM, INC.,**

did knowingly engage in conduct that involved the sale and purchase of, intent to sell and purchase, and attempt to sell and purchase fish with a market value in excess of $350.00, that is, Spotted eagle rays (*Aetobatus narinari*) in the number specified with respect to each Count, and did knowingly receive and acquire said fish in interstate commerce, knowing that said fish were taken, possessed, transported, and sold in violation of and in a manner unlawful under the laws and regulations of the State of Florida, specifically, Florida Administrative Code, Sections specifically, Florida Administrative Code, Section 68B-44.008:

7

| Count | Approximate Date of Shipment | Number of Spotted eagle rays | Transaction Value |
|---|---|---|---|
| 2 | 05-09-2012 | 3 | $ 3,750.00 |
| 3 | 06-12-2012 | 1 | $1,250.00 |

In violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3372(a)(4), and 3373(d)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 4
### Sale or Purchase
### (16 U.S.C. §§ 3372(a)(2)(A), 3372(a)(4), 3373(d)(1)(B))

1. Paragraphs 1 through 7 of the Background section of this Indictment are incorporated herein by reference as if set forth in their entirety.

2. On or about October 18, 2012, in Monroe County, in the Southern District of Florida and elsewhere, the defendants,

**AMMON COVINO,
CHRISTOPHER CONK,
and
IDAHO AQUARIUM, INC.,**

did knowingly engage in conduct that involved the sale and purchase of, and intent to sell and purchase, fish with a market value in excess of $350.00, that is, approximately two Lemon sharks *(Negaprion brevirostris)* and did knowingly receive and acquire said fish in interstate commerce, knowing that said fish were taken, possessed, transported, and sold in violation of and in a manner unlawful under the laws and regulations of the State of Florida, specifically, Florida Administrative Code, Sections specifically, Florida Administrative Code, Section 68B-44.008, in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B),

and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE

Upon conviction of the violations alleged in Counts 1 through 4 of this Indictment, the defendant **CHRISTOPHER CONK** shall forfeit to the United States all vehicles and other equipment used to aid in the transporting, selling, receiving, acquiring, or purchasing of fish or wildlife, specifically including the following:

    a. One 2005 Ford F-250, Super Duty Crew Pickup, V.I.N. No. 1FTSW21Y95EB80855, Idaho License Tag No. 2CJL391, including all equipment and accessories.

Pursuant to Title 28, United States Code, Section 2461, Title 16, United States Code, Section 3374(a)(2), and the procedures outlined at Title 21, United States Code, Section 853, if the property described above as being subject to forfeiture, as a result of any acts or omissions of the defendant **CHRISTOPHER CONK**,

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 28, United States Code, Section 2461, Title 16, United States Code, Section 3374(a)(2), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
Thomas A. Watts-FitzGerald
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

AMMON COVINO,
CHRISTOPHER CONK,
and
IDAHO AQUARIUM, INC.,

**Defendants.**
_____/

CASE NO. _____

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

___ Miami    _X_ Key West
___ FTL      ___ WPB    ___ FTP

New Defendant(s)          Yes ___  No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  _No_
   List language and/or dialect _____

4. This case will take _4_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I   0 to 5 days       _X_
   II  6 to 10 days      ___
   III 11 to 20 days     ___
   IV  21 to 60 days     ___
   V   61 days and over  ___

   (Check only one)

   Petty    ___
   Minor    ___
   Misdem.  ___
   Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

_____
THOMAS WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0273538

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** AMMON COVINO

**Case No:**

Count #: 1

Conspiracy

18 U.S.C. § 371

* **Max. Penalty:** Five (5) years' imprisonment

Counts #: 2-4

Illegal Purchase and Sales of Fish/Wildlife

16 U.S.C. §§ 3372(a)(2)(A), 3372(a)(4) and 3373(d)(1)(B)

***Max. Penalty:** Five (5) years' imprisonment

Count #:

***Max. Penalty:**

Count #:

***Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** CHRISTOPHER CONK

**Case No:**

Count #: 1

Conspiracy

18 U.S.C. § 371

\* **Max. Penalty:** Five (5) years' imprisonment

Counts #: 2-4

Illegal Purchase and Sales of Fish/Wildlife

16 U.S.C. §§ 3372(a)(2)(A), 3372(a)(4) and 3373(d)(1)(B)

\***Max. Penalty:** Five (5) years' imprisonment

Count #:

\***Max. Penalty:**

Count #:

\***Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** IDAHO AQUARIUM, INC.

**Case No:** _____

Count #: 1

    Conspiracy

    18 U.S.C. § 371

**\* Max. Penalty:** $500,000 Fine

Counts #: 2-4

    Illegal Purchase and Sales of Fish/Wildlife

    16 U.S.C. §§ 3372(a)(2)(A), 3372(a)(4) and 3373(d)(1)(B)

**\*Max. Penalty:** $500,000 Fine

Count #:

_____

**\*Max. Penalty:**

Count #:

_____

**\*Max. Penalty:**

\* Refers only to possible fine, does not include possible restitution, special assessments, parole terms, or forfeitures that may be applicable.